# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-406V

Filed: March 13, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ALEXANDER COHEN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Howard Gold, Esq.*, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.
*Heather Pearlman, Esq.*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On March 22, 2017, Alexander Cohen ("Mr. Cohen" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he received an HPV vaccine on March 10, 2014, and thereafter suffered a series of reactions, including Crohn's disease Petition, ECF No. 1, at 1. On July 11, 2018, petitioner filed an unopposed Motion to dismiss the petition, and on the same day the undersigned issued her Decision dismissing the petition for lack of evidence. ECF No. 23.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On December 9, 2018, Petitioner filed an application for attorneys' fees and costs.  ECF No. 26 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $12,581.17, representing $9,438.00 in attorneys' fees and $3,143.17 in costs. Fees App at 2. Pursuant to General Order No. 9, Petitioner warrants that he has not personally incurred any expenses in pursuit of this litigation. *Id.* Respondent responded to the motion on December 11, 2018, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. ECF No. 27. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.     Legal Framework**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although petitioner was not successful in pursuing his claim, the undersigned finds that both elements have been met. First, the undersigned does not doubt that petitioner brought his claim in a good-faith belief that his vaccination played a causal role in his injury. Additionally, the claim possessed sufficient objective support to meet the second half of the reasonable basis test, and Respondent has not challenged the reasonable basis of the claim. Accordingly, a final award of attorneys' fees and costs is proper.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

**II.    Discussion**

    **a.  Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests that his attorney, Mr. Howard Gold, be compensated at the following rates: $380.00 per hour for work performed in 2017 and $390.00 per hour for work performed in 2018. Fees App. at 6-8. Petitioner also requests that Mr. Gold's paralegal be compensated at $135.00 per hour for all work performed. *Id.* The undersigned finds that the requested rates are in conformance with what Mr. Gold has previously been awarded. However, the requested rate of $135.00 per hour exceeds what Mr. Gold's paralegal has previously been awarded (and what has been requested for paralegal work). *See Hein v. Sec'y of Health & Human Servs.*, No. 16-1295V, slip op. at 3 (Fed. Cl. Spec. Mstr. Feb. 19, 2019); *Binkowitz v. Sec'y of Health & Human Servs.*, No. 17-061V, slip op. at 3 (Fed. Cl. Spec. Mstr. Feb. 14, 2019). The billing record indicates that Mr. Gold's paralegal billed a total of 4.2 hours in this matter. Therefore, compensating this work at $125.00 per hour results in a reduction of **$42.00**.

### b. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review, the undersigned finds the hours billed to be reasonable. The undersigned has reviewed the submitted billing records and does not find any of the entries to be objectionable, and respondent has not indicated that he finds any of the entries to be objectionable either. Accordingly, petitioner is entitled to a final award of attorneys' fees of **$9,396.00**.

### c. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,143.17 in costs for obtaining medical records, the Court's filing fee, and the expert work of Dr. Eric Gershwin in reviewing the medical records. Fees App. at 10. Petitioner has provided adequate documentation for all of these costs, and the undersigned finds them to be reasonable and shall award them in full.[4]

## III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

1) **A lump sum in the amount of $12,539.17, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Mr. Howard Gold of Gold Law Firm, LLC.**

---

[4] Although the undersigned finds the total amount requested as reimbursement for Dr. Gershwin's work to be reasonable, the undersigned notes that the reasonableness of Dr. Gershwin's requested hourly rate is not being considered at this time.

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                                       <u>s/Mindy Michaels Roth</u>
                                                       Mindy Michaels Roth
                                                       Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).